# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| **WAHL CLIPPER CORPORATION,** an Illinois corporation, | ) ) ) Case No. _____ ) ) Judge: _____ ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| **JOHN DOES 1-10** | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## FOR BREACH OF CONTRACT AND JURY DEMAND

Plaintiff Wahl Clipper Corporation ("Wahl"), an Illinois corporation ("Plaintiff" or "Wahl"), brings this action against unknown John Doe Defendants ("Defendants") for breach of contract. Defendants are Wahl dealers who have supplied and continue to supply Wahl products to unauthorized resellers in violation of their contracts with Wahl. In support of its claims, Wahl alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Wahl is a corporation, organized under the laws of Illinois, with its principal place of business located in Sterling, Illinois  Wahl is therefore a citizen of Illinois.

2. Defendants are part of a product diversion ring that, upon information and belief, operates in California.

3. Because Defendants are part of a product diversion ring operating in California, Defendants are likely citizens of California.

4. Wahl alleges breach of contract claims against Defendants for breaching contracts that Defendants had with Wahl.

5. This Court has subject matter jurisdiction over Wahl's breach of contract claims pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a), because Plaintiff Wahl is a citizen of Illinois, Defendants are citizens of California, and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because they breached a contract with Illinois citizen Wahl governed by Illinois law.

7. Venue is properly found in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Wahl's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

### Wahl and Its Brand Protection Efforts

8. Wahl markets and sells high quality grooming and hair care products, including hair clippers, trimming products, electric shavers, and shaving accessories under, among others, the WAHL® and WAHL PROFESSIONAL® brand names.

9. Wahl allows its products to be purchased by end-user consumers in the United States only from Wahl itself or from sellers who are expressly authorized by Wahl to sell Wahl products, including primary and secondary distributors ("Authorized Sellers").

10. Wahl permits Authorized Sellers to sell Wahl products in approved channels only and requires Authorized Sellers to abide by agreements, policies, and other rules that impose requirements relating to quality controls, customer service, and other sales practices (collectively, the "Wahl Contracts"). Wahl does not sell products to resellers who have not agreed to the Wahl Contracts.

11. Among other things, the Wahl Contracts require Authorized Sellers to adhere to Wahl's standards of quality control, branding, and customer service.

12. The Wahl Contracts also regulate where and to whom Authorized Sellers may resell Wahl products.

13. In particular, the Wahl Contracts prohibit Authorized Sellers from selling Wahl products to persons or entities who are not Authorized Sellers, but who intend to resell the Wahl products ("Unauthorized Resellers"), a practice known as "product diversion."

14. By ensuring that all Authorized Sellers have contractually agreed not to resell Wahl products to Unauthorized Resellers, Wahl has created a system of exclusive distribution. These contracts are a vital part of Wahl's brand protection efforts because they allow Wahl to ensure, contractually, that all Authorized Sellers follow certain branding, quality control, and customer service requirements.

15. Unauthorized Resellers are not contractually required to follow the same branding, customer service, and quality control standards, and could ship poor-quality products to consumers and cause consumers to associate the Wahl brand with less-exclusive, lower-quality retailers.

16. Therefore, the restrictions on resale in the Wahl Contracts are an important and material term of those agreements, and part of the bargained-for consideration that Wahl receives from Authorized Sellers in exchange for selling them Wahl products and giving them the right to resell those products in the approved manner.

**Defendants Resell Wahl Products to Unauthorized Resellers in Breach of Contract**

17. Defendants are Authorized Sellers who have signed the Wahl Contracts with Wahl. Under the Wahl Contracts that they signed, Defendants are prohibited from selling Wahl products to Unauthorized Resellers for purposes of resale.

18. Defendants' agreement not to sell Wahl products to Unauthorized Resellers is a material, bargained-for consideration that Defendants agreed to provide Wahl in exchange for Wahl's sale of Wahl products to Defendants.

3

19. Despite agreeing not to sell Wahl products to Unauthorized Resellers, Defendants have resold and continue to resell Wahl products to various Unauthorized Resellers.

20. These Unauthorized Resellers then resell the Wahl products on third-party storefronts on eBay or Amazon, or other websites that are inconsistent with Wahl's standards for branding, quality control, and customer service.

21. For example, Defendants have sold Wahl products to one or more Amazon sellers that are reselling a high-volume of individual Wahl products based on public Amazon sales data. Upon information and belief, Defendants are selling, or have previously sold, Wahl products to the operators of various online storefronts, including but not limited to the Amazon seller "EstBuy Trading" (Merchant ID A9PNVEYVLGW7N), operated by Estonce, Inc., a corporation operating in California, and Ricardo Ponce, in individual located in California. Wahl has not authorized its products to be sold by Estonce, Inc. or on the "EstBuy Trading" storefront.

22. Another one of Defendants' customers is the discount online retailer Woot.com LLC ("Woot"). Woot sells products on its website, https://www.woot.com/, and as a third-party seller on Amazon.com.

23. Wahl has not authorized its products to be sold to Woot or on woot.com.

24. Woot and Estonce, Inc. employ standards which are inconsistent with Wahl's standards for branding, quality control, and customer service, which Wahl contractually requires all authorized Authorized Sellers to follow. For instance, Authorized Sellers are required to provide heightened customer service requirements, they must undertake rigorous inspection requirements, and they may not repackage or otherwise alter or tamper Wahl Products or packaging, including with respect to UPC codes or other identifying information necessary to monitor the quality of Wahl Products. Products sold by Unauthorized Sellers like Woot and

4

Estone, Inc. are not subject to these requirements, nor do they come with Wahl's limited warranty on the products.

25. Defendants know that their customers, including Estone, Inc. or Woot, are not end consumers and are not Authorized Sellers who have agreed to the Wahl Contracts, but instead buy Wahl products for purposes of resale. Accordingly, the Wahl Contracts agreed to by Defendants prohibit them from reselling Wahl products to these Unauthorized Resellers.

26. For example, a large quantity of Wahl products are offered for sale on Woot, suggesting that Unauthorized Resellers are acquiring large quantities of Wahl products from one or more Authorized Sellers who trade in a significant amount of Wahl products.

27. The Authorized Sellers who are supplying Unauthorized Resellers such as Estone, Inc. or Woot are materially breaching the Wahl Contracts that they signed because the Authorized Sellers are permitted to sell only to end consumers or other parties that have also agreed to the Wahl Contracts.

**Wahl Requires Discovery to Conclusively Determine Defendants' Identities**

28. After identifying a large volume of unauthorized Wahl products being sold on the aforementioned unauthorized websites, Wahl began an investigation to identify the Defendants supplying these Unauthorized Resellers.

29. However, product diverters like Defendants go to great lengths to hide their identities to avoid being detected by brands and consumers.

30. Despite Defendants' efforts to hide their identity, Wahl has undertaken significant efforts to connect Unauthorized Resellers to specific Authorized Sellers, which efforts have included searching open source and subscription services and performing test purchases.

31. Through these efforts, Wahl recently identified individuals and entities likely connected to significant Authorized Sellers diverting products to some, but not all, of the

5

Unauthorized Resellers Wahl has identified. The individuals and entities connected to these diverting Authorized Sellers are located in California. None of these individuals or entities are located in Illinois.

32. However, Wahl's efforts have been unsuccessful in identifying the specific Authorized Sellers who are supplying Woot or any other Unauthorized Reseller.

33. Woot and other Unauthorized Resellers necessarily maintain certain identifying information related to its suppliers.

34. Thus, Wahl has no alternative means aside from discovery in this lawsuit to learn the identity of the specific Authorized Sellers who are supplying Woot and the Unauthorized Resellers in breach of their contracts with Wahl.

35. Upon information and belief, discovery in this matter will allow Wahl to identify each Defendant's true name and address, and Wahl will amend this Complaint accordingly when those true names and addresses are discovered.

## COUNT I

### Breach of Contract

36. Wahl hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. Wahl and Defendants are parties to the Wahl Contracts, which are valid and enforceable agreements.

38. Wahl has performed its duties under the Wahl Contracts.

39. The Wahl Contracts prohibit Defendants from selling Wahl products to Unauthorized Resellers.

40. Despite agreeing to that contractual prohibition, Defendants have sold, and continue to sell, Wahl products to Unauthorized Resellers.

41. Defendants' sale of Wahl products to Unauthorized Resellers breaches the Wahl Contracts.

42. Wahl is entitled to discovery as to the specific identities of the Defendants who have sold and continue to sell Wahl products to Unauthorized Resellers, and will amend this Complaint accordingly once those Defendants' identities have been discovered.

43. Wahl is entitled to damages and injunctive relief against Defendants because Defendants' actions have harmed and continue to harm the integrity of Wahl's authorized retailer network and Wahl's brand.

## PRAYER FOR RELIEF

WHEREFORE, Wahl prays for relief and judgment as follows:

A. Discovery into the specific identities of the John Doe Defendants, including subpoenas issued to relevant third parties.

B. Judgment in favor of Wahl and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, liquidated damages, restitution, disgorgement of profits, and pre-judgment and post-judgment interest, as permitted by law;

C. Preliminary and permanent injunctions enjoining Defendants, as well as their agents, servants, employees, and attorneys, and other persons in active concert or participation with them, from selling or otherwise supplying Wahl products to Unauthorized Resellers;

D. An award of costs, and expenses; and

E. Such other and further relief as the Court deems just, equitable and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wahl demands a trial by jury on all issues so triable.

Date: June 29, 2023               **WAHL CLIPPER CORPORATION**

By: */s/ Andrew D. LeMar*
    One of Its Attorneys

Andrew D. LeMar
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, IL 60611
Phone: (312) 840-7108
Fax: (312) 840-7900
Email: alemar@burkelaw.com

4860-7140-7725, v. 1